UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ARTHUR JAMES ROGERS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>SUPERINTENDENT, INDIANA STATE )<br>PRISON, )<br>)<br>Respondent. ) | Case No. 3:07-CV-567 JVB |

**OPINION AND ORDER**

Petitioner Arthur Rogers, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. A correctional officer wrote a conduct report accusing the petitioner of battery. At the hearing, the Disciplinary Hearing Board ("DHB") changed the battery charge to a charge of interfering with staff. The DHB found the petitioner guilty of the charge of interfering with staff, and imposed a loss of sixty days of earned credit time. Rogers appealed unsuccessfully to the Superintendent and the final reviewing authority.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Rogers presents the following four grounds in his petition: (1) he did not receive twenty-four hour notice of the charge of interfering with staff; (2) he was denied the opportunity to call witnesses and present evidence on his behalf; (3) he was denied impartial decision-makers; and (4) the DHB denied him an adequate statement of the facts relied on. Where prisoners lose good time credits at

prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections which include (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In ground two of his petition, Rogers alleges that he was denied the right to call witnesses and present evidence at the hearing. In his statement of supporting facts, Rogers states that inmate Eddie Stringer gave a written statement supporting him and stated "I request to be present at the hearing." (Petition at 4). Prisoners have a federally protected right to call exculpatory witnesses at prison disciplinary hearings, but that right is not unlimited. Witnesses may be limited consistent with institutional safety and correctional goals. *Hill*, 472 U.S. at 454. The Constitution does not require that witnesses testify in person at prison disciplinary hearings. The fact that the DHB received Stringer's statement rather than having Stringer testify in person at the hearing did not deprive Rogers of due process.

In ground three of his petition, Rogers asserts that he was denied impartial decision-makers because the DHB chairman did not write down his statements to the DHB correctly. Due process requires that decision-makers in prison disciplinary proceedings be impartial and have no direct personal involvement in the incident that forms the subject of the hearing. *Wolff*, 418 U.S. at 592; *Redding v. Fairman*, 717 F.2d 1105, 1113 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). *Wolff*

2

does not guarantee that a prisoner will have skilled and knowledgeable hearing officers; what *Wolff* does guarantee is that the author of the conduct report or someone involved in investigating the incident does not serve on the hearing board. *Redding*, 717 F.2d at 1113 ("[D]ue process prohibits 'only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge from sitting on the disciplinary body.'"). Nothing in Rogers' statement of facts supports an allegation that the members of the DHB were not impartial within the meaning of *Wolff*.

In ground one of his petition, Rogers asserts that because the DHB changed the charge against him at the hearing, he did not receive twenty-four hour notice of the charge, and in ground four of his petition, he asserts that the DHB denied him a written statement of the evidence it relied on to find him guilty. Giving Rogers the inferences he is entitled to at this stage of the proceedings, these grounds state a claim upon which relief may be granted.

For the foregoing reasons, the Court:

> (1) GRANTS the plaintiff leave to proceed on grounds one and four of his petition for writ of habeas corpus; namely, that he did not receive twenty-four hour notice of the charge and that the DHB denied him a written statement of the evidence it relied on to find him guilty;
>
> (2) DISMISSES the claims presented in grounds two and three of the plaintiff's petition for writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases; and
>
> (3) DIRECTS the Clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

SO ORDERED on December 13, 2007.

                                              s /Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION