UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ARTHUR JAMES ROGERS,           ) | |
| ) | |
| Petitioner,           ) | |
| ) | |
| v.           ) | Case No.: 3:07-CV-567 JVB |
| ) | |
| SUPERINTENDENT, INDIANA STATE   ) | |
| PRISON,           ) | |
| ) | |
| Respondent.           ) | |

**OPINION AND ORDER**

Arthur Rogers, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, dealing with loss of earned credit time in a disciplinary hearing. The court dismissed two of the petitioner's claims pursuant to Rule 4 of the Rules Governing Section 2254 Cases, and allowed him to proceed on his claims that he did not receive twenty-four hour notice of the charge against him and that the Disciplinary Hearing Board ("DHB") did not provide him with a sufficient written statement of the evidence it relied on to find him guilty.

A correctional officer wrote a conduct report accusing the petitioner of battery. On November 29, 2006, the DHB changed the charge to interfering with staff. The DHB found the petitioner guilty of interfering, and imposed a loss of sixty days of earned credit time. Rogers appealed unsuccessfully to the Superintendent and the final reviewing authority.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when

consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Superintendent, Mass. Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 455 (1985).

The petitioner's first claim is that he did not receive twenty-four hour notice of the charge against him because the DHB changed the charge at the hearing. The administrative record establishes that the reporting official wrote the conduct report against Rogers on November 15, 2006, accusing him of battery. Rogers received the conduct report at the screening hearing on November 17, 2006, at which time he pled not guilty. At the hearing, the DHB changed the charge to interfering with a staff member in the performance of his duties, and Rogers changed his plea to guilty. In its Report of Disciplinary Hearing, the DHB wrote "we accept the offender['s] plea of guilty." [DE 6-9].

In his institutional appeal and in his submissions to this court, Rogers does not deny that he pled guilty, though he does state in his traverse that his lay advocate induced him to plead guilty to a lesser offense, which carried with it a lesser sanction. The petition for writ of habeas corpus does not request that this court set aside the petitioner's guilty plea, nor did Rogers raise any claim related to his guilty plea in his administrative appeal [DE 6-10]. The principles of exhaustion of available state remedies and procedural default apply to prison disciplinary hearings. *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). Failure to raise an issue on appeal to the Indiana Department of

Correction's final reviewing authority is a waiver of the claim. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

The Fourteenth Amendment's due process clause guarantees prisoners advance written notice of the charges in order "to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact." *Wolff*, 418 U.S. at 564. As in a criminal prosecution, however, an inmate may waive due process rights, including notice. By changing his plea to guilty, Rogers effectively waived his right to twenty-four hour notice of any change in the charges against him.

Moreover, even if Rogers had not pled guilty, a DHB's modification of a disciplinary charge to a lesser offense does not violate due process where the inmate "received advance written notice informing him of the facts underlying the charge." *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). Prison officials may change the charge at the hearing, so long as the new charge also conforms to the facts stated in the conduct report.

> *Wolff v. McDonnell* does not require the infraction notice to specify whether the offense charged was serious or minor. Here, the charge was possession of the Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the potential penalties, the factual basis for both was possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense.

*Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992).

Changing the rule with which Holt was accused of violating did not deny him due process because the conduct report stated facts that supported the corrected charge and provided the facts he needed to prepare his defense against that charge. The administrative record establishes that the factual basis for both the charge of battery and interfering against the petitioner was based on his hitting or bumping into Correctional Officer Collins while the officer was scanning ID cards in the

dining hall serving line. The defense to one charge would also constitute a defense against the other. Accordingly, the conduct report gave Rogers all of the information he needed to make his defense against a charge of intimidation.

The petitioner also alleges that the DHB did not provide him with an adequate written statement of the evidence it relied on to find him guilty. In order to comply with due process, "there must be a 'written statement by the factfinders as to the evidence relied on and the reasons' for the disciplinary action." *Wolff*, 418 U.S. at 564-65 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972)). The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." *Hill*, 472 U.S. at 455. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id*. at 455-56. In the appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The court must carefully scrutinize the sufficiency of the disciplinary board's statement of facts it relied on to find the prisoner guilty. *Redding v. Fairman*, 717 F.2d 1105, 1116 (7th Cir. 1983).

The DHB members wrote "we accept the offender['s] plea of guilty" in the portion of the Report of Disciplinary Hearing entitled "Reasons for the decision." [DE 6-9].

> The line between constitutional adequacy and inadequacy is a fine, but important one. When the Committee writes "based on all available evidence the resident is guilty," no agency or court can discern the basis for the Committee's rulings. If, however, the Committee writes "resident is lying," or "the guard saw him therefore . . . ," or "resident admits he committed the act charged," or "resident does not refute charges," or another statement establishing the evidence underlying its decision, then the inmate is protected from a mischaracterization of the disciplinary action when it comes under review.

*Redding*, 717 F.2d at 1116.

4

The DHB's written statement of facts relied on — that the resident admitted he committed the act charged — establishes the evidence underlying its decision. Moreover, even had the petitioner not pled guilty, the Report of Disciplinary Hearing establishes that the DHB reviewed other evidence including the conduct report written by Officer Collins. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56. The conduct report is an eye-witness statement of Rogers's conduct. Accordingly, it is direct evidence of guilt, and is sufficient evidence to support a finding of guilt.

For the foregoing reasons, the court **DENIES** this petition.

SO ORDERED on June 3, 2008.

> s/ Joseph S. Van Bokkelen
> JOSEPH S. VAN BOKKELEN
> UNITED STATES DISTRICT JUDGE
> HAMMOND DIVISION